UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

       Plaintiff,

v.                                        Case No: 2:16-cv-100-FtM-29MRM

THE STATE OF FLORIDA,

       Defendant.

_____

LOUIS MATTHEW CLEMENTS,

       Plaintiff,

v.                                        Case No: 2:16-cv-101-FtM-99MRM

THE STATE OF FLORIDA,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Combined Motion to Dismiss (Doc. #33) filed on August 22, 2016, in Case No. 2:16-cv-100-FTM-29MRM and in Case No. 2:16-cv-101-FTM-99MRM.[1] Plaintiff filed a Response (Doc. #35) on August 26, 2016, in both cases.

**Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

_____

[1] Although plaintiff filed two separate cases, a single motion was filed for the related cases.

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This obligation "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not

do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted).  To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief

above the speculative level."  Id. at 555.  See also Edwards v.

Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires

"more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(citations omitted).  In deciding a Rule 12(b)(6) motion to

dismiss, the Court must accept all factual allegations in a

complaint as true and take them in the light most favorable to

plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal

conclusions without adequate factual support are entitled to no

assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th

Cir. 2011) (citations omitted).

**First Case (2:16-cv-100)**

In the Statement of Claim (Doc. #13-1) attached to the Second

Amended Complaint (Doc. #13), plaintiff Louis M. Clements asserts

that he was arrested on May 23, 2007, by the Lee County Sheriff's

Office.  Plaintiff alleges that he was taken to the Major Crimes

Special Victims Unit and "read his rights".  Plaintiff alleges

that he requested an attorney but was refused counsel and coerced

into making a statement.  Plaintiff states that the incident was properly reported and the statement was later supressed, however an "excessive bond amount of $250,000" was set despite his lack of prior criminal history and his later establishing no risk of flight or danger to the community.

On June 2, 2008, plaintiff arrived for sentencing and refused a plea deal in favor of trial.  Plaintiff alleges his counsel was not prepared for trial, so it was rescheduled for June 4, 2008, and the plea offer was taken off the table.  Two days later, on June 4, 2008, plaintiff alleges that he was coerced into accepting the previously offered plea and counsel was not ready for trial.

On July 4, 2008, plaintiff tried to withdraw the plea, and on February 17, 2009, plaintiff filed a motion that was accepted for filing.  On April 13, 2009, a hearing was scheduled but plaintiff alleges that his public defender failed to present available witnesses.  On May 6, 2009, plaintiff appealed based on the ineffectiveness of the public defender, and on October 14, 2009, plaintiff was counseled by a different public defender on appeal to drop the appeal and instead file a 3.850 as to his original attorney with regard to the coercion into the plea agreement.

Plaintiff alleges that a third public defender, who was representing him on the 3.850, told him that plaintiff's "star witness" public defender Karen Miller (yet a fourth public

defender) would not testify and throw another attorney under the bus.

On April 19, 2010, at the evidentiary hearing on the 3.850 motion, the public defender refused to call any witnesses and his original attorney proved uncooperative. The public defender failed to tell plaintiff the outcome of the hearing, and he assumed he had lost so he contacted the public defender to file an appeal on his behalf. On April 28, 2010, plaintiff received the Order denying his 3.850 motion and discharging the Public Defender's Office from further responsibility in the case, including filing appeals.

Plaintiff sought advice from private counsel, who told plaintiff that the Public Defender's Office was still bound to file the Notice of Appeal on his behalf. So, on May 13, 2010, plaintiff called the public defender. Not until November 29, 2012, realizing that no appeal had been filed, plaintiff filed a motion for a belated appeal. On January 24, 2013, the Second District Court of Appeals denied the request on the basis of an affidavit by the public defender's office swearing that she received no phone call about filing an appeal.

Plaintiff alleges that he had email communications with the Clerk of the Second District Court of Appeals regarding the admitted mishandling of his case and he was instructed to try and reinstate his appeal. Plaintiff filed a motion, and the Second

District Court of Appeals denied it as untimely after filing it in error with a new appeal number.

On October 15, 2014, the Second District Court of Appeals reinstated his appeal and it was remanded to the Twentieth Judicial Circuit Court for an evidentiary to determine if plaintiff had in fact asked counsel to file an appeal on his behalf.  On the date of the hearing, on November 26, 2014, plaintiff discovered that the presiding judge in Collier County would be moving to a position in Lee County, which he alleges is a conflict of interest that "sheds doubt on the due process" of the circuit court.  The assigned judge did not recuse and issued an opinion recommending that the belated appeal be denied as the assigned judge "felt [plaintiff] was not being honest in his testimony".  Plaintiff appealed to the Florida Supreme Court, which was denied without review.

Plaintiff asserts that the cumulative alleged violations of his constitutional rights, and his allegedly wrongful conviction, should be compensated in excess of $800,000 under Florida Statute 961.06 and 42 U.S.C. § 1983, and that he be granted injunctive relief.[2]  (Doc. #13, p. 5.)

---

[2] On July 20, 2016, the Court denied plaintiff's request for a temporary restraining order, and further denied plaintiff's motion for a preliminary injunction for failure to demonstrate service of process.  (Doc. #29.)

**Second Case (2:16-cv-101)**

In the Second Amended Complaint (Doc. #13), through the attached Statement of Claim (Doc. #13-1), plaintiff Louis M. Clements alleges some of the same facts stemming from the June 4, 2008 conviction described in the first case. Plaintiff further alleges that he was sentenced to 5 years of probation with electronic monitoring. During this 5 year period, plaintiff alleges that he was arrested for multiple violations for removing his monitoring bracelet for 3-15 minutes each time, and once for over one and a half hours that was plaintiff's mistake when he travelled for work, but that none of these instances were violations of his probation. Plaintiff alleges that his bracelet lost connection between the two pieces that make up the monitoring device, but it was not actually removed, he was never found to have absconded, and he did not do anything illegal. Plaintiff asserts that the equipment was faulty and that each judge who signed a warrant or presided over a violation hearing, every prosecuting attorney, and every arresting officer is liable for malicious prosecution and wrongful arrest. Plaintiff's allegations are generally brought under 42 U.S.C. § 1983.

**Motion to Dismiss**

Defendant argues that plaintiff's suits are both barred by the State's Eleventh Amendment immunity, and that the State of

Florida has not waived that immunity, and its immunity has not been expressly waived by the United States Congress.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Courts have consistently extend application of the Eleventh Amendment to the states, and found that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). Therefore, the motion is due to be granted, unless immunity from suit has been waived under the circumstances of this case.

There are essentially two ways that immunity may be waived. A state may waive its immunity, expressly, through state legislative action, or the United States Congress can abrogate the state's immunity pursuant to Section 5 of the Fourteenth Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524–25 (11th Cir. 1990). "Congress has not abrogated Eleventh Amendment immunity in § 1983 cases." Doe v. Univ. of Ala. in Huntsville, 177 F. Supp. 3d 1380, 1387 (N.D. Ala. 2016) (citing Quern v. Jordan, 440 U.S. 332, 338 (1979)). So the only issue that remains is whether the State of Florida has taken action to waive its immunity.

The State of Florida has waived its immunity for certain tort actions, but this does not "constitute consent to suit in federal court under § 1983."   Gamble v. Florida Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1515 (11th Cir. 1986) (discussing Fla. Stat. § 768.28); Cate v. Oldham, 707 F.2d 1176, 1183 n.4 (11th Cir. 1983).   "It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits." Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986).   Absent a waiver, the Eleventh Amendment bars plaintiff's § 1983 claims, and therefore the Court lacks jurisdiction over the case.   Gamble, 779 F.2d at 1520.   The motion to dismiss will be granted.

**Leave to Amend**

The Court finds that no amendment to the complaint would overcome the Eleventh Amendment bar in either the first or second cases because plaintiff is seeking damages from the State's coffers no matter who is named as an alternative defendant.[3]   Gamble v. Florida Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1513 (11th Cir. 1986) (If the damage award is "obviously sought from the state treasury", the "suit will be deemed to be one against the officer in an official capacity, and the Eleventh Amendment will therefore

---

[3] Plaintiff proffers that the "original laundry list of Defendants" could be added back in through a third amended claim if necessary.  (Doc. #35, II.B.)

preclude such relief." (citing <u>Edelman v. Jordan</u>, 415 U.S. 651, 664-665 (1974)).

Additionally, plaintiff seeks damages for his wrongful conviction and for the continuing requirements under his term of probation, but has not alleged that his conviction was overturned or invalidated. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) ("A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.").

Accordingly, it is hereby

**ORDERED:**

Defendant's Combined Motion to Dismiss (Doc. #33) is **GRANTED** and the Complaints in Case No. 2:16-cv-100-FTM-29MRM and in Case No. 2:16-cv-101-FTM-99MRM are **dismissed for lack of jurisdiction.** The Clerk shall enter separate judgments in each of the two case dismissing the Complaints for lack of jurisdiction.  The Clerk is further directed to terminate all deadlines and motions, and to close the both files.

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Parties of Record